# Mitchell *v.* The State.

## *Indictment for Betting at Cards in Public Place.*

1. *Sufficiency of indictment.*—In an indictment for betting at cards in a public place (Rev. Code, § 3622; Form No. 29, p. 811), it is not necessary to aver that the defendant bet money or other valuable thing.

2. *Proof of character of house or place where playing was done.*—A conviction for betting at a game of cards, "at a house or place where spirituous liquors were *at the time* sold," &c., cannot be sustained, when the only evidence as to the character of the house is that spirituous liquors were there sold at the time of the trial.

FROM the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

The ninth count of the indictment in this case charged, that the defendant "bet at a game with cards, or dice, or some other device or substitute for cards or dice, at a tavern, inn, store-house for retailing spirituous liquors, or house or place where spirituous liquors were at the time sold, retailed, or given away," &c. The defendant demurred to this count, because it did not allege that he bet money, bank-notes, or other valuable thing; but the court overruled the demurrer. "On the trial," as the bill of exceptions states, "the State introduced one Owens as a witness, who testified, that the defendant, with others, played at a game of eucre for money, at the 'Rialto,' in the city of Montgomery, within twelve months before the finding of the indictment, and that the betting commenced for cigars and whiskey. One Harris, another witness for the State, testified to the same facts, and

that the parties were drinking whiskey freely at the time. One Payne, another witness for the State, testified, that the 'Rialto' is situated on Market street in the city of Montgomery, and that spirituous liquors are now retailed there. This was all the evidence in the case;" and the defendant thereupon requested the following charge, with others, which was in writing: "2. If the evidence shows that the alleged playing took place at the 'Rialto,' and the only evidence as to the character of that place is that spirituous liquors are now retailed there, this is not sufficient evidence as to the character of the place to warrant a conviction on the 9th count of the indictment." The court refused to give this charge, and the defendant excepted to its refusal.

GRAHAM & ARRINGTON, for the defendant.

JNO. W. A. SANFORD, Attorney-General, for the State.

MANNING, J.—The indictment in this cause was demurred to, on the ground that it does not aver that defendant bet or hazarded " any money, bank-notes, or other thing of value;" these words being used in the section of the Code, providing for the punishment of the offense supposed to have been committed by defendant. And it is shown that, when the original Code of 1852 was compiled, by which the form used in this case was first introduced, the words above referred to were not then in the description of the offense as it was defined in that Code. The argument might, perhaps, prevail, if it did not appear from the Revised Code, that when it was prepared and adopted, the form of the indictment was revised and amended, by an addition to it so as to make it applicable to betting at a game called "keno," &c., for the punishment of which provision was then made. From this it appears, that the codifiers and legislature considered the charge that a person "bet" at a prohibited game equivalent to saying that he "bet or hazarded money, bank-notes, or other things of value," at such game, and that it was not necessary to specify these in the indictment. The City Court did not err in overruling the demurrer.

2. We are of opinion, however, that there was no evidence before the jury showing that the "Rialto," when the betting and playing at cards were done, was at that time such a place as it was charged to be in the 9th count in the indictment. Testimony that spirituous liquors were sold there at the time of the trial, was not evidence of the character of the place when the playing was done in it, perhaps twelve or eighteen months before. The court, therefore, erred in re-

(12)

[Cooley v. The State.]

fusing to give the second instruction to the jury asked by defendant and refused.

For this error, the judgment must be reversed, and the cause remanded.